IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TAMMY DELAUGHTER                                                    PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 3:09CV568 DPJ-FKB

GI ASSOCIATES AND ENDOSCOPY CENTER;
GI ASSOCIATES PATHOLOGY LAB, LLC;
G.I. PROPERTIES; and JOHN and JANE DOES 1-3                         DEFENDANTS

**ORDER**

This employment dispute is before the Court on Defendants' motion to dismiss [2] and Plaintiff's motion seeking leave to amend and substitute parties [6]. The Court, having fully considered the parties' submissions and the applicable law, finds that the former should be denied and the latter granted.

I.      Facts/Procedural History

Plaintiff Tammy Delaughter appears to have been employed by Gastrointestinal Associates, P.A. On March 10, 2009, she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) asserting that her employer retaliated against her for opposing race- and gender-based discrimination. Plaintiff named GI Associates and Endoscopy Center as her employer in the EEOC charge, and she now explains that this was the name under which Gastrointestinal Associates, P.A., held itself out to the public. Defendants claim that GI Associates and Endoscopy Center is not a legal entity. Regardless, Gastrointestinal Associates, P.A., responded to the charge. After obtaining a right to sue letter, Plaintiff sued GI Associates and Endoscopy Center, GI Associates Pathology Lab, LLC, and G.I. Properties. Defendants removed Plaintiff's Amended Complaint and now seek dismissal. Plaintiff seeks leave to amend. The Court has personal and subject matter jurisdiction, and the motions are ripe

for decision.

II. <u>Analysis</u>

    A. Standard

Rule 12(b)(6) motions are "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005). In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

    B. Defendants' Contention

Defendants seek dismissal on three grounds: (1) Plaintiff sued the wrong parties because she was actually employed by Gastrointestinal Associates, P.A.; (2) Plaintiff failed to exhaust administrative remedies because the EEOC charge of discrimination failed to name Gastrointestinal Associates, P.A.; and (3) the Complaint is substantively deficient because it includes claims for conduct that occurred more than 180 days before the EEOC charge.

        1. Incorrect Party/Motion to Amend

The parties seem to agree that Gastrointestinal Associates, P.A., should have been named in the Amended Complaint rather than GI Associates and Endoscopy Center. From this, Defendants seek dismissal, and Plaintiff seeks leave to amend and substitute Gastrointestinal Associates, P.A., for GI Associates and Endoscopy Center. Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend a party's pleading] when

2

justice so requires." Fed. R. Civ. P. 15(a)(2). The court considers five factors in determining whether to grant leave to amend: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *See Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).

In this case, the motion was filed less than one month after removal from state to federal court, there is no scheduling order, and no prejudice is apparent. Accordingly, the first four factors present no obstacle to allowing an amendment. *See, e.g.*, *Paschall v. Enter. Rent-A-Car Co.*, No. 1:08CV151-HSO-JMR, 2008 WL 2704828, at *3 (S.D. Miss. July 7, 2008) (granting leave to add proper party). However, Defendants generally argue futility. They claim that Gastrointestinal Associates, P.A., cannot be added because it was not named in an EEOC charge of discrimination and would be entitled to dismissal for failure to exhaust administrative remedies. For the reasons stated in the next section, Defendants' argument is without merit, the amendment would not be futile, and Plaintiff's motion to amend/substitute [6] should be granted. Defendants' motion to dismiss [2] on this basis will be denied.

2.  Failure to Exhaust

It is a given that Title VII requires exhaustion of administrative remedies. 42 U.S.C. § 2000e-5(e)(1). It is also true that Plaintiff failed to provide the legally correct corporate name of her employer. However, the Fifth Circuit has noted that "it would be out of keeping with [Title VII] to import common-law pleading necessities to this 'charge,' or in turn to hog-tie the subsequent lawsuit to any such concepts." *Terrell v. U.S. Pipe & Foundry Co.*, 644 F.2d 1112, 1123 (5th Cir. 1981) (citing *Jenkins v. United Gas Corp.*, 400 F.2d 28, 30 n.3 (5th Cir. 1968)),

*vacated on other grounds*, 456 U.S. 955 (1982) *and* 456 U.S. 968 (1982). Accordingly, the charge must be liberally construed, and "[t]he reasonable limits of an investigation potentially triggered by an EEOC charge define . . . the parties potentially liable in that action." *Id.* at 1123 (citing *Tillman v. City of Boaz*, 548 F.2d 592 (5th Cir. 1977) (noting liberality required in interpreting the parties named)). In the present case, Gastrointestinal Associates, P.A., received actual notice of the charge, responded to the charge, and directly participated in the EEOC investigation as the proper employer. Accordingly, all of Title VII's reconciliation goals were fully realized. Defendants' motion fails to cite any authority for dismissing a claim under these circumstances, and the Court finds that dismissal is not warranted.

Finally, to the extent Defendants have suggested that the entire Amended Complaint should be dismissed on this ground, they fail to acknowledge that Plaintiff's state law claims and her § 1981 claim are not subject to EEOC administrative procedures. *See Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (noting that § 1981 lacks Title VII's administrative remedies).

        3.        Statute of Limitations

A Title VII plaintiff must file a charge of discrimination with the EEOC no more than 180 days after the alleged discriminatory employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). Moreover, "discrete discriminatory acts" that fall outside this window are "untimely and no longer actionable." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114-115 (2002). However, the Amended Complaint also alleges claims not subject to Title VII. Plus, even under Title VII, a hostile work environment claim can include acts that occur before the 180-day window, provided the conduct is still "occurring" within the window. *Id.* at 117. In

the present case, it is not clear at this point which acts occurred prior to the 180-day window, which acts might be considered discrete, and which would support the alleged hostile work environment and other claims. A more complete record presented at the summary judgment stage may answer these questions. Accordingly, Defendants' motion is denied without prejudice.

IV. Conclusion

The Court has considered the remaining arguments presented in the parties' submissions but finds that they do not alter this holding. For the reasons stated, Defendants' motion to dismiss [2] is denied; Plaintiff's motion for leave to amend/substitute [6] is granted. Plaintiff shall have until April 14, 2010, to file an amended complaint. Thereafter, all deadlines will be calculated pursuant to the Federal Rules of Civil Procedure and the Uniform Local Rules of the Northern and Southern Districts of Mississippi. The parties are finally instructed to contact the Magistrate Judge to set the case for case management conference.

**SO ORDERED AND ADJUDGED** this the 30th day of March, 2010.

                                        s/ *Daniel P. Jordan III*
                                        UNITED STATES DISTRICT JUDGE